Order, Family Court, New York County (Jane Pearl, J.), entered on or about August 30, 2016, which, upon a fact-finding determination that respondent father had abandoned the subject child, terminated the father’s parental rights, and transferred custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
 

 The finding of abandonment is supported by clear and convincing evidence that the father failed to communicate with the child, the foster mother, or petitioner for the six-month period immediately prior to the filing of the petition, and that he was not prevented or discouraged from doing so by petitioner (see Social Services Law § 384-b [4] [b]; [5] [a]; Matter of Annette B., 4 NY3d 509, 513 [2005]). Family Court correctly found that the father’s explanation that he was aggrieved by the Administration for Children’s Services’ conduct in removing the child without informing him was insufficient to justify his failure to communicate with the child for more than four years (see Matter of Madeline S., 3 AD3d 13, 19-20 [1st Dept 2003]). Petitioner was not required to demonstrate diligent efforts to encourage the father to meet his parental responsibilities (see Social Services Law § 384-b [5] [b]; Matter of Gabrielle HH., 1 NY3d 549, 550 [2003]).
 

 A preponderance of the evidence supports Family Court’s determination that termination of the father’s parental rights was in the best interests of the child, given that the father admittedly had no contact with the child since 2012, and that the child was thriving in the foster home and had a strong bond with the foster mother, who wanted to adopt her (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]).
 

 Concur — Sweeny, J.P., Renwick, Kapnick, Kern and Moulton, JJ.